# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

Cause No.: __2:07-CV- 641-WHA__

RECEIVED

2007 JUL 12 P 3: 35

| | |
|---|---|
| Karl Lentz, individually, and on behalf of all persons similarly situated, | ) ) ) |
| Plaintiffs-Petitioners, | ) ) |
| v. | ) ) ) |
| The State of ALABAMA, | ) ) ) |
| Defendant-Respondent. | ) ) |

### Verified Complaints for Patterns of: Denials and Violations of Civil Rights, Neglect to Prevent the Same, Willful Discrimination, Disparate Taxation, and Reckless or Negligent Government Mismanagement; and, Verified Petition for Damages and Certain Remedial Actions

### ('Forum Non Conveniens')
### (Class Action Complaint)
### (Request for Three-Judge Panel)
### (Demand for Jury Trial)

Comes now the principal Plaintiff-Petitioner, Karl R. Lentz, individually, and also on behalf of all persons so similarly situated in this action (together, "the Class"), and in direct support of all such complaints and petitions now and hereby made before this Court, alleges, states, and submits the following:

## A. Introduction and Nature of the Case

1. This is a multi-grounded civil rights action at law, at common law, and also in equity, to

vindicate and restore various rights of the Plaintiffs secured under federal law, to vindicate and

restore their various inalienable rights guaranteed under certain portions of, and several Amendments to,

the United States Constitution, and for the Plaintiffs to claim all rights,

damages, and forms of relief obtainable under any available means, in the interests of justice, and through

the authority and supplemental jurisdiction vested in this Court by 28 USC § 1367, and

also through Article III of the United States Constitution, if and as necessary.

　　　2.  In no way, shape, or form, do or will the Plaintiffs claim or assert, either expressed or

implied, any manner of rights or interests alluding to any aspect of controversy under any state

law, whatsoever, excepting only that a matter must be fairly characterized as an act, practice, or

policy of, or by, the state which exists or functions in derogation of federal law or federal rights.

　　　3.  Further, the Plaintiffs expressly disclaim any such potential allusions to matters arising

solely under any state law or state rights, with, again, excepting only that a given matter must or

might be fairly characterized as an act, practice, pattern, or policy of, or committed by, the state

which exists or functions in derogation of federal law or federal rights.

　　　4.  The Plaintiffs seek all available forms of declaratory, injunctive, retrospective and

prospective relief that correspond to the various causes of action and prayers for relief herein.

　　　5. This case involves applications of family law in a general nature, wherein rightful

custody of minor children is in dispute between natural parents, and where the United States

Constitution, and consistent, numerous, and binding stare decisis of the United States Supreme

Court, provides certain liberty, privacy, and family interest protections to all such natural parents,

and wherein various and numerous Acts of Congress have provided similar, or even better,

protections.

6.  This case further involves significant amounts of what appears to be willful, reckless, and/or negligent fraud, deceit, collusion, and/or abuse of powers by a statewide and systemic pattern of obstructing, hindering, and/or otherwise thwarting the rightful and lawful conclusions of due process during any such child custody proceedings held within its own courts of law.

7. This case further involves allegations of widespread and standard practices by the State of ALABAMA to unlawfully discriminate in all areas of domestic relations, within any related or ancillary proceedings, and especially the matter directly concerning child custody, often involving bias or prejudice in favor of, or against, one gender or the other, and the same practices being patently unconstitutional in their prevalent application.

8.  This case further involves various allegations of disparate taxation, preferential tax treatment, informal or indirect aspects of taxation without representation, and willful, intentional, negligent, and/or reckless taxation far in excess of what is necessary for the common good, and even in clearly demonstrated derogation of the common good.

9.  This case also involves allegations against the State of ALABAMA for willful, intentional, negligent, and/or reckless patterns of general disdain for the common good.

10. There presently exists in this nation an entirely overwhelming plethora of federal statutes pertaining to the strict application, by the several States, of domestic relations resolutions in state courts of law, of national public family policies, of numerous authorizations and appropriations of tax dollars to provide various federal funding, grants, and stipends to the several States, and of the existence of variously all-consuming federal budgetary, administrative, and enforcement agencies, bureaucracies, and other organizations to supposedly ensure strict compliance with all such federal law and applicable federal rights; The members of the putative Class essentially have two options available for non-violent redress of the widespread violations of their various

rights alleged herein: (1) prosecute the state itself for routine misapplication of the law;

or, (2) prosecute the federal government for failing to enforce its own laws, and allowing the

state to consistently misapply the law and violate their rights; The members of the putative

Class have chosen the first option, in the hopes that the second option will then become moot.

11. Given the above serious and important natures of this case, the significant implications to

the general welfare, and the same including grievous and numerous violations of civil and

constitutional rights, this Court should afford special attention thereupon, and impart expediency

to the resolution of this action, all pursuant to its authority under 28 USC § 1657 (a).

## B. Parties to the Case

12. The parties consist of a principal Plaintiff, the putative plaintiff Class, and the Defendant

State of ALABAMA, each generally described below.

### Principal Plaintiff-Petitioner

13. The principle Plaintiff-Petitioner, Karl R. Lentz, is a United States citizen, is a resident

of the State of VIRGINIA, and alleges a federal dispute and controversy with the State of

ALABAMA, over being subjected to aspects of variously alleged unlawful practices, patterns,

policies, and/or systemic actions or inactions, that violate certain federal rights, and/or certain

federal law, described elsewhere herein.

### Statement and Description of the Class

14.   The principle Plaintiff-Petitioner, and all putative co-plaintiffs, are United States citizens, 18

years of age or older on the date of filing this action, with each having conceived one or more

natural children, of whom any one or more of which is/are currently: (a) living; (b) residing

within the jurisdiction of any court of the United States; (c) not institutionalized; and, (d) of age

in years so that the very existence of such child(ren) either does, or could, give present or future

rise to any legal or equitable proceeding in any court for the payment, by such plaintiff, of any

form of child support, to any other person or party, in any form or method heretofore established

by the State of ALABAMA.

15. Further, that each such above plaintiff has also been previously adjudicated, by any judge

of any court of the State of ALABAMA, as a "non-custodial parent", or any other such similar

term or phrase commonly applied to represent that such plaintiff does not equally enjoy the same

full sets and degrees of physical, possessory, and legal rights to all aspects of the care, custody,

and management of said child(ren) that are recognized to belong to, or enjoyed by, the other

natural (commonly referred to as the "custodial") parent of said child(ren).

16. Lastly, that each such above plaintiff, in addition to the above criteria, has either: (a)

never been formally convicted, in any competent court of the several States or of the United

States, and by proceedings performed with absolute accordance to the full protections of all

constitutional due process rights normally afforded every criminal defendant, as having been

either seriously abusive, or seriously neglectful, to the health, safety, or physical or emotional

welfare, of any minor child – whatsoever – *but*, specifically excluding from the above criteria

*only* those circumstances wherein such prosecution was solely related to nonpayment of child

support; or, (b) obtained full reversal, vacation, overturning, or other like purging, of each, any,

and all such convictions in any one or more competent courts of the several States, or of the

United States.

## Defendant State of ALABAMA

17. The State of ALABAMA is a sovereign, but inferior, republic body of the United States,

subject to the provisions of the United States Constitution, all Amendments made thereto, and

any express statutory Acts of Congress enacted by the authority thereunder, having willingly

joined the Union of the Several States, and thereby also willingly subjecting itself to the supreme

power of the Federal Government, and is now made a direct defendant party to this action,

through binding service of process upon its representative leaders, including  Governor

Bob Riley,  Attorney General Troy King, and Page Walley, Acting Director of the ALABAMA

Department of Human Resources,  of service of all original pleadings, papers, and the like in this matter,

in good faith attempt by the Plaintiffs to satisfy any and all notice

requirements possibly due upon the complex nature of causes described herein, and is further

made a defendant party due to the virtue of all contentions expressed or implied by the Plaintiffs,

in and through the paragraphs included under the "Introduction and Nature of the Case" section

of this complaint, *supra*, and is also made a defendant party by virtue of its vicarious liability,

and/or liability as respondeat superior, for the various actions, and/or inactions, committed,

and/or neglected, by its various subordinate officials, agents, employees, and/or any other

representatives that may be generally described herein, and/or by any other persons functioning,

and/or appearing, to represent the State of ALABAMA in any official manner, and/or by other

persons, or entities, acting in concert with any of the above persons or entities, as well as by its

own neglect, and/or refusals, to act to prevent, and/or correct, directly, and/or indirectly, various

wrongs, harm, and/or injuries to the Plaintiffs, and/or property of the Plaintiffs, including by

criminal acts, and/or by having conspired with any other persons to commit the same.

**C. Jurisdiction and Venue**

18. For the various forms of relief that the Plaintiffs seek, and given full consideration that this case entails multiple sets of fairly complex circumstances, with various and numerous causes of action contained thereunder, jurisdiction and venue over all subject matters herein are properly had and held within this Honorable Court, and the same matters arising, under any or all of the following provisions of relevant federal law:

a) Article III, Section 2, of the United States Constitution – regarding issues risen under the Constitution, laws, or treaties of the United States;

b) Article IV, Section 2, of the United States Constitution – regarding equal protection of all privileges and immunities of citizens amongst the several States;

c) Article VI of the United States Constitution – regarding the binding of judges in every State under the supreme law of the land, and which same consists of the Constitution, laws, and treaties of the United States;

d) 18 USC § 3231 – regarding offenses committed against the laws of the United States;

e) 28 USC § 1331 – regarding issues arising under the Constitution, laws, or treaties of the United States;

f) 28 USC § 1340 – regarding civil actions relating to internal revenue;

g) 28 USC § 1343 – regarding deprivations of rights, and/or privileges, of citizens of the United States;

h) 28 USC § 1355 – regarding recovery or enforcement of fines, penalties, or forfeitures;

i) 28 USC § 1356 – regarding seizures not within admiralty and maritime jurisdiction;

j) 28 USC § 1367 – regarding supplemental jurisdiction over interrelated claims;

k) 28 USC § 1391 – regarding venue and defendants generally;

l) 28 USC § 1395 – regarding venue in actions involving fines, penalties, or forfeitures;

m) 28 USC § 1441 – regarding the removal of state court subject matters generally;

n) 28 USC § 1443 – regarding denial or violation of civil rights within a state court;

o) 28 USC § 1657 – regarding priority of actions, and temporary or preliminary relief;

p) 28 USC § 1962 – regarding liens, by judgment, upon property within the district;

q) 28 USC § 2201 – regarding creations of remedies and declarations of rights;

r) 28 USC § 2202 – regarding further reasonable, necessary, or proper relief available

   from this Court;

s) 28 USC § 2283 – regarding this Court's authority to stay proceedings in any state court;

t) 31 USC § 3732 – regarding false claims actions under federal and/or state laws;

u) 42 USC § 666 – regarding civil actions to enforce child support obligations;

v) 42 USC § 2000b – regarding deprivations of civil rights within public facilities; and

w) 42 USC § 2000b-2 – regarding individual remedies for deprivations of civil rights

   within public facilities.

19. This Court also has supplemental jurisdiction over all other claims by the Plaintiffs that

are so related to the claims herein that they form part of the same case or controversy under

Article III of the United States Constitution.

**D. Allegations of Fact**

20. The principal Plaintiff reserves the sole right to complete and timely file the Uniform Case

Management Plan in this cause, and reserves the right to designate the same to any other member of the

putative Class, should the Court elect not to appoint class counsel under Rule 23(g).

21. The principal Plaintiff, as well as each member of the putative Class, has all incurred grievous and irreparable losses at the hands of the Defendant, due to continuing unlawful deprivations of relationships with their minor children, unlawful deprivations of their property, disparate taxation in general, aberrant treatment in regards to the opportunity of either state or federal tax credits, and willful, reckless, and/or grossly negligent mismanagement of the common good by the State of ALABAMA.

22. Each and every such minor child of a Class member herein inherently has an equal and reciprocal right to the above same relationships, as well as vested constitutional and family liberty interests in, and therefore rights to, the lawful vindication of the rights of each corresponding Plaintiff, and the Defendant has, by various actions and/or inactions, essentially assisted, whether directly or indirectly, in the daily continuation of unlawfully depriving or inhibiting all such relationships without fully applying due process of law.

23. The Plaintiffs have been illegally and fraudulently deprived of numerous constitutional and civil rights by the actions and/or inactions of the Defendant, all as more clearly set forth and detailed in the below-enumerated causes of action.

24. The Defendant has no 11 th Amendment immunity against being amenable to suit, due to express waiver by certain Acts of Congress applicable in the various situations alleged herein.

25. The Defendant has no immunity to damages, due to express waiver of such immunity consistently affirmed through numerous decisions by the United States Supreme Court, and that are also applicable in the various situations alleged herein.

26. The Plaintiffs are entitled to various awards of damages against the Defendant, and/or against the estates and any holdings of the Defendant, all until such time as any judgments rendered herein are paid in full, and including any and all interest accrued upon the same.

27. The Plaintiffs are entitled to various forms of other relief, according to the nature of the wrongs inflicted, and the gravity of the remedies that are necessary to fully conform all allegedly unlawful practices, policies, and patterns to that required by the United States Constitution.

### E. Allegations of Law

28. The Plaintiffs have certain and various inalienable rights and guarantees secured to them by the United States Constitution, and also under statutory provisions of the United States Code.

29. Any natural parent has these same such rights and guarantees, regardless of marital status.

30. Each of the Defendant's officers, officials, employees, agents, and other persons or entities involved with judicial and/or other determinations affecting the outcomes of domestic relations matters, and by their own sworn oaths, have various and certain duties under law, common law, and in equity, to uphold, support, and protect the Constitution of the United States, as well as all statutes, rules, and regulations of the United States.

31. The Plaintiffs are not professional attorneys, and their pleadings cannot be held to the same level of technical standards that pleadings from the Defendant should be held to, or that will be expected from any future professional counsel in this cause. *See,* e.g., *Haines v. Kerner*, 92 S.Ct. 594; *Jenkins v. McKeithen*, 395 U.S. 411; *Picking v. Penna. Rwy. Co.*, 151 F.2d 240; and, *Puckett v. Cox*, 456 F.2d 233.

32. Governments, and the government officials, persons, or entities that represent them, do

and will automatically lose any qualified immunity they may have previously enjoyed, upon the commission of any act necessarily done outside the lawful scope of the matter in question. *See,* e.g., *Burns v. Reed,* 111 S.Ct. 1934; *Monell v. Dept. Of Social Services,* 98 S.Ct. 2018; *U.S. v. Lanier,* 117 S.Ct. 1219; *Koon v. U.S.,* 116 S.Ct. 2035, *Dennis v. Sparks,* 101 S.Ct. 183; and, etc.

33. A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it. *See,* e.g., *U.S. v. Guest,* 86 S.Ct. 1170, *U.S. v. Compagna,* 146 F.2d 524; and, etc.

34. Federal judges can set aside or overturn state courts to preserve constitutional rights. *See,* e.g., *Mitchum v. Foster,* 407 U.S. 225; 28 USC § 1441, and 28 USC § 1443.

35. Justice delayed is justice denied. *See* Magna Charta, Article 40, June 15, 1215.

36. A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

37. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974)).

38. While the above allegations of law tend to necessarily invite formal authorities in support, the "well-pleaded complaint" rule and doctrine admonish that the various causes of action, each enumerated and described below, should remain free of any formal argument and authorities, unless, and until, the Court might direct the tendering of an appropriate memorandum in support.

**F. Causes of Action Generally**

39. The causes of action detailed herein further below are grounded, in fact, upon one or more of the following Amendments to the United States Constitution, and/or specific statutes of the United States Code, each of which is included here in relevant and pertinent parts:

a) **The First Amendment to the United States Constitution** – "Congress shall make no law… abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

b) **The Fourth Amendment to the United States Constitution** - "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..."

c) **The Fifth Amendment to the United States Constitution** - "No person shall be... deprived of life, liberty, or property, without due process of law..."

d) **The Sixth Amendment to the United States Constitution** - "In all... prosecutions... the accused shall have the Assistance of Counsel for his defence."

e) **The Eighth Amendment to the United States Constitution** - "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

f) **The Ninth Amendment to the United States Constitution** – "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

g) **The Fourteenth Amendment to the United States Constitution** - "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the

United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

h) **18 USC § 241 - Conspiracy against rights** - "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State... in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons... prevent or hinder his free exercise or enjoyment of any right or privilege so secured-- They shall be fined under this title or imprisoned not more than ten years, or both;... or if such acts include kidnaping or an attempt to kidnap,... they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death."

i) **18 USC § 242 - Deprivation of rights under color of law**- "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States... shall be fined under this title or imprisoned not more than one year, or both... or if such acts include kidnapping or an attempt to kidnap... shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death."

j) **42 USC § 1981 - Equal rights under the law**- "All persons within the jurisdiction of the United States shall have the same right in every State... to the full and equal benefit of all

laws and proceedings for the security of persons and property as is enjoyed by white citizens..."

    k) **42 USC § 1985 - Conspiracy to interfere with civil** rights - "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified... or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;... or... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

    l) **42 USC § 1986 - Action for neglect to prevent** - "Every person who, having

knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;"

m) **42 USC § 1988 - Proceedings in vindication of civil rights** - "The jurisdiction in civil and criminal matters conferred on the district courts... for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

n) **42 USC § 1994 – Peonage abolished** – "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any

Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void"

o) **28 USC § 1443 – Civil rights cases** - "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

p) **28 USC § 1657 - Priority of civil** actions - "Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite... any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute... would be maintained in a factual context that indicates that a request for expedited consideration has merit."

40. Some of the various and numerous federal family law statutes alluded to in ¶ 10, *supra,*

include, for a very short and limited example purpose only, the following binding rules of law

upon the several States, to-wit: 42 USC § 192; 42 USC § 242k; 42 USC § 243; 42 USC § 246;

42 USC § 247b; 42 USC § 247c; 42 USC § 247d-1; 42 USC § 264; 42 USC § 280b-1; 42 USC §

280b-1a; 42 USC § 283c; 42 USC § 283f; 42 USC § 601; 42 USC § 602; 42 USC § 603; 42 USC § 608;

42 USC § 613; 42 USC § 629; 42 USC § 666; 42 USC § 669b; 42 USC § 1314; 42 USC § 1314a; 42 USC

§ 1320b-9; 42 USC § 1397; 42 USC § 1397f; 42 USC § 1975a; 42 USC § 1975d;

42 USC § 3604; 42 USC § 3617; 42 USC § 3631; 42 USC § 3721; 42 USC § 3731; 42 USC §

3751; 42 USC § 3789d; 42 USC § 4272; 42 USC § 4501; 42 USC § 4502; 42 USC § 4701; 42

USC § 5025; 42 USC § 5102; 42 USC § 5116; 42 USC § 5116a; 42 USC § 5601; 42 USC §

5602; 42 USC § 5701; 42 USC § 5771; 42 USC § 5781; 42 USC § 9901; 42 USC § 10401; 42

USC § 10420; 42 USC § 10702; 42 USC § 11601; 42 USC § 11603; 42 USC § 12301; 42 USC § 12351;

42 USC § 12352; 42 USC § 12371; 42 USC § 13001; 42 USC § 13011; 42 USC § 13012; 42 USC §

13021; 42 USC § 13862; 42 USC § 13881; 42 USC § 13992; 42 USC § 14141; and,

42 USC § 14193.

41. In fact, the above statutes of the United States Code are by no means a complete listing, as

each represents entire *sections* and *chapters* of Title 42 of the United States Code, dealing with,

controlling, funding for, administering, enforcing, and expressing specific national policy in

regards to virtually **every** conceivable aspect of all types of domestic relations proceedings,

juvenile proceedings, child abuse and neglect proceedings, domestic violence proceedings, child

support proceedings, garnishment orders, and the entire gamut of almost *every* possible type of

ancillary proceeding that could be attributed to what *used* to be known as "state" family law.

42. In reality, the Federal Government, by the duly authorized enactment, over the past quarter-century or so, of such an incredibly enormous and all-encompassing scope of Acts of Congress, has *more* than achieved a "co-ownership" of family law – it has *taken over* family law, for all intensive purposes.

43. Accordingly, any ill-contrived attempt by the Defendant, to laughably suggest that some form of "abstention" would be appropriate in an action including controversy over "strictly state" family law, will be countered – forthwith – with an immediate motion for certification of such defense as patently frivolous, and for all appropriate and corresponding sanctions thereupon

**G. Causes of Action Specifically**

44. The United States Supreme Court has long and consistently held that the care, custody, maintenance, management, companionship, educational choices, and general child-rearing decisions related to one's children are fundamental rights protected by the Federal Constitution.

45. As such, any actions by any person or entity, whether it be by a person acting alone, in conjunction with another, directly or indirectly, by any State entity, or demonstrated by a pattern of deprivations generally attributable to the State itself, that intrude upon these fundamental rights, are patently unconstitutional until, and unless, first validated by a substantially compelling State interest applied with strict scrutiny, and only performed in the least intrusive manner.

46. The State is not permitted to intrude upon these fundamental rights of the natural parent without clear and convincing proof of demonstrable harm to the child(ren) in question.

47. All natural parents existing under the jurisdiction of the State of ALABAMA are constitutionally entitled to be free of government intrusion in the care, custody, and maintenance

of their children, unless there is clear and convincing evidence of proven harm, or of the threat or danger of such harm, to the minor children in question.

48. The United States Supreme Court has consistently reminded that there is a presumption that fit parents act in their children's best interests, and that there is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children, all in. violation of various civil and/or constitutional rights, and also contrary to the laws of the United States, and they should be therefor found due and owing to the Plaintiffs for certain amounts of damages, and all remedial actions appropriate therefor should be taken immediately.

**Count I: Supporting facts**

50. Plaintiffs reallege all paragraphs 1 through 49, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

51. All judges of the State of ALABAMA that have jurisdiction over domestic relations actions have each, at some point in time previously, sworn their very oath upon taking the office of judge, to defend, uphold, protect and provide for the sacred guarantees of civil and constitutional rights, as well as also the same for the laws of these United States.

52. In addition, the same judges have various legal duties, under professional conduct rules for attorneys, and/or various judicial conduct canons, to promote, use, and restrict themselves to honesty, candor, impartiality, fundamental fairness and similar qualities and traits of integrity, at all times during the litigation of any legal proceedings.

53. The State of ALABAMA, as a corporate body responsible for the welfare of its citizenry, and

for the ultimate protections of the rights of each United States citizen within its jurisdiction, is

also therefore responsible for ensuring that its collection of judicial officers, by and through

standard practices, policies, and/or procedures, or any other means necessary, do not violate, on a systemic

scale, any of the aforementioned federal laws, rules, and regulations pertaining to the

widespread application of family law, and of federal rights and privileges, in regards to the

general determinations of child custody between divorced, separated, and unwed natural parents.

54. The State, as a whole, has consistently misapplied the doctrine of parens patriae when no

compelling public interest exists, and engaged in a standard practice of unlawful takings of the **Count I:
Gross negligence and reckless disregard for duties owed in custody proceedings**

49. The Defendant has willfully committed gross negligence and reckless disregard of the

various basic and absolute duties owed towards each member of the Class, and their related

inherent, natural, legal, and constitutional rights to equal custody of their minor children, all in

various rights to custody that should be constitutionally shared equally between natural fit

parents who do not remain together; The State has further erred by failing to notice such

widespread misapplication, and even further erred by failing to correct such widespread

misapplication, and all such errors have injured each member of the putative Class herein, and

continue to do so on a daily basis.

55. The State, as a whole, has consistently misused the familiar notion of "the best interest of

the child", when no reasonable clarity exists to place any United States citizen on fair notice as to what

exactly that vague and ambiguous phrase means.

56. Further, Constitutional law regarding custody of children is based on parental rights. This

is to protect children, as minors are not capable of properly representing, or even knowing, their

interests, and the natural parents are always best to do so, absent a strongly compelling reason.

57. The State, as a whole, and by misusing the vague and inferior "best interest" notion, has

been engaging in a standard practice of unlawful takings of the various rights to custody that

should be constitutionally shared equally between natural fit parents who do not remain together;

The State has further erred by failing to notice such widespread misusage, and even further erred

by failing to correct such widespread misusage, and all such errors have injured each member of

the putative Class herein, and continue to do so on a daily basis.

58. Strict scrutiny has two components: due process and equal protection. The due process

component consists of two parts. The first is that there must be a compelling State interest

present for the State to invade, in any way, the privacy and liberty of the parent-child

relationship. A wall exists between government and the parent-child relationship that can only be breached

when the child is in harm to the level of substantial child abuse or neglect. If the child

is first found to actually be in such substantial harm, or imminent danger of such harm, then the

second due process part, narrowest intervention, still applies, and the State must refrain from

invading the sacred parent-child relationship, excepting only in the least intrusive way. Further

still, before invading any natural parents' right to custody, care, and management of his or her

child, the second strict scrutiny component, equal protection, requires that the parents cannot be

put into separate classifications of "custodial" and "non-custodial", regarding either physical

(residential) or legal (decision-making) rights to their children, again, excepting only a strongly

compelling reason otherwise to legally justify a taking of actual control and custody of the child

itself, under the application of the parens patriae doctrine.

59. The Constitutionally-conforming result in any and all child custody litigation between two fit natural parents must – always – be an equally-divided allotment of the various rights, time, care, custody, control, and management of such children that is always, and has been, naturally inherent to either fit parent.

60. Yet, again, the State, as a whole, has consistently ignored the above requirements of the Constitution, before engaging in a standard practice of unlawful takings of the various rights to custody that should be constitutionally shared equally between natural fit parents who do not remain together; The State has further erred by failing to notice such widespread unconformity, and even further erred by failing to correct such widespread unconformity, and all such errors have injured each member of the putative Class herein, and continue to do so on a daily basis.

61. Further, the Class alleges that the State, as a whole, has willfully, recklessly, and/or negligently perpetuated and exacerbated the entire situation, by routine violations of the aforementioned federal public family and parent-child relationship policy statutes, by routine usage of protective and restraining orders illegally done "ex parte" to favor default sole custody by one parent (when the whereabouts of other parent are already known for normal service of process), by the routine issuance of ex parte "household" protective and restraining orders used essentially to favor default sole custody by one parent, and directly interfering, without due process of law, with the other parent's right to uninhibited relationships with the minor children in question, by routine issuance of ex parte protective and restraining orders used essentially to favor default sole custody, by disparately taking property away from the other parent (sudden

residential evictions), by the changing of children's names often done without proper notice, or

even notice of *any* kind, for any reason, and by the changing of children's names by the foster

caregivers often done to assist the fraudulent concealment of the children from the parent(s) and

extended family, even though such changing of children's names is inherently very poor business

practice for purposes of social security, medical history, taxes, and other types of nationally

administrative reasons.

62. The various allegations above well constitute a standard pattern, practice, and even an

unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards

to violations of the various constitutional rights of each and every member of the Class to custody, care,

control, and management of his or her children.

63. The above-described facts constitute violations of at least: the unreasonable seizures

prohibited by the Fourth Amendment to the United States Constitution; the prohibited

deprivations of life, liberty, and/or property, without due process of law, that are all protected by

the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of

judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees

against cruel and unusual punishments that are all secured by the Eighth Amendment

to the United States Constitution; the protections of the privileges and immunities of all citizens

maintained by the Fourteenth Amendment to the United States Constitution; the full and equal

protections of the law promised to all citizens by the Fourteenth Amendment to the United States

Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment

to the United States Constitution; and, the prohibitions against various forms of discrimination

that are found in the Fourteenth Amendment to the United States Constitution.

64. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

## Count II: Refusals to enforce and support lawful parenting time

65. The Defendant has willfully, reckless, and/or negligently refused and neglected to ensure that Class members, as a whole, enjoy even the reduced parenting time that the State itself "allowed" them to have, let alone the equal amount of parenting time that comports with the Federal Constitution for all fit natural parents, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

## Count II: Supporting facts

66. Plaintiffs reallege all paragraphs 1 through 65, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

67. While the Plaintiffs allege and maintain that they have various rights and liberties to share *equal* parenting time with their children, *supra*, they note that even the allegedly unlawful and reduced parenting time that is "allowed" by a state court is rarely, if ever, enforced, leaving them

with no reasonable remedies with which to restore and secure even *that* amount of "visitation" –

a term which the Plaintiffs abhor, and liken to libel and slander of a wrongful status.

68. The State, as a whole, consistently violates both the letter, and the spirit, of certain federal

statutes included within ¶ 40, *supra*, and misapplies various practices or policies in direct

violation of express intent in federal grants to states to provide access and visitation programs.

69. The State, as a whole, consistently demonstrates a deliberate indifference pattern in failure

to neglect to prevent violations of the various rights of the Plaintiffs to their parenting time, in

accordance with and, in the spirit of, the R.C Consent Decree, essentially cutting off all parenting

time that can be ever exercised by a noncustodial parent, by refusals to use contempt or other

coercive methods to induce Agents of the Department of Human Resources, Jefferson County,

into affording even the reduced parenting time that has been allowed by the state courts, and consistent

refusals to arrest or file charges against even the most contemptuous Agents of the

ALABAMA Department of Human Resources and the foster care providers who regularly

interfere with parenting time of non-custodial parent(s).

70. The various allegations above well constitute a standard pattern, practice, and even an

unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards

to violations of the various constitutional rights of each and every member of the Class to custody, care,

control, and management of his or her children.

71. The above-described facts constitute violations of at least: the unreasonable seizures

prohibited by the Fourth Amendment to the United States Constitution; the prohibited

guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment

to the United States Constitution; the protections of the privileges and immunities of all citizens

maintained by the Fourteenth Amendment to the United States Constitution; the full and equal

protections of the law promised to all citizens by the Fourteenth Amendment to the United States

Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment

to the United States Constitution; and, the prohibitions against various forms of discrimination

that are found in the Fourteenth Amendment to the United States Constitution.

72. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled

to various awards of damages against the Defendant for the grievous violations and deprivations

of the civil and constitutional rights described herein, and are also entitled to various and

appropriate remedial actions performed in immediate correction of the manifest injustices

detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief

under section "H" of this pleading.

## Count III: Conspiracy to enforce unlawful child custody orders

73. The Defendant has engaged in a conspiracy with all others of the several States to enforce

such aforementioned unlawfully determined child custody orders, and the Plaintiffs' allege that

such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United

States, also in violation of various civil and/or constitutional rights, and that the Defendant

should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and

all appropriately-mitigating and remedial actions should be taken at once.

## Count III: Supporting facts

74. Plaintiffs reallege all paragraphs 1 through 73, *supra*, and incorporate them herein by

reference the same as if fully set forth. (H.I.).

deprivations of life, liberty, and/or property, without due process of law, that are all protected by

the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of

judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the

75. The Federal Government enacted the Uniform Child Custody Jurisdiction Act (UCCJA),

and also appropriates and distributes various federal funding to administer, support, and enforce

the existence and the provisions of the same Act, contingent upon the Defendant's complicity to

enact and maintain a similar or identical law and practice, and "hiding" behind one or more Full

Faith and Credit Clause(s) to enforce child custody orders of any one of the several States.

76. While maintaining such a practice would be lawful in regards to enforcing the existence of

a child custody order that was previously made in full compliance with the various protections of

family, liberty, and privacy guarantees of the United States Constitution, enforcing a child

custody status that was ordered without application of the same protections is unlawful.

77. The Plaintiffs allege that the Defendant has arbitrarily and capriciously acted in bad faith,

recklessness, and/or negligence, in failing to first ensure that any such child custody order made

by another of the several States, and being asked to enforce the same within its own jurisdiction,

was ordained in full compliance with the various protections of family, liberty, and privacy

guarantees under the United States Constitution, and that the Plaintiffs have generally suffered

continued violations of those same said guarantees, due to the Defendant's actions or inactions.

78. The various allegations above well constitute a standard pattern, practice, and even an

unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards

to violations of the various constitutional rights of each and every member of the Class to custody, care,

control, and management of his or her children.

79. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

80. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

## Count IV: Defrauding in regards to child support

81. The Defendant has taken property and liberty of the Plaintiffs, and/or threatened to take property and liberty of the Plaintiffs under pain, penalty, and even force, all to ostensibly enforce generally unlawful orders of child support, and has generally defrauded the federal government,

and thereby also the federal and state taxation processes used against the Plaintiffs, in regards to

fraudulent obtaining of various forms of federal funding that was originally designed to support

only the states' true needs for assisting children falling under the doctrine of parens patriae, the

Defendant routinely allows orders of child support against the Class to be made and exist in clear

derogation of the right of any fit natural parent to best determine the appropriate amount of

spending upon his or her children without undue interference by the state, and the Plaintiffs'

allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of

the United States, also in violation of various civil and/or constitutional rights, and that the

Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of

damages, and all appropriately-mitigating and remedial actions should be taken at once.

**Count IV: Supporting facts**

82. Plaintiffs reallege all paragraphs 1 through 81, *supra*, and incorporate them herein by

reference the same as if fully set forth. (H.I.).

83. The Plaintiffs assert that how much money a parent spends for the care and maintenance

of their children is a parenting decision and thus is a constitutionally guaranteed fundamental

right. The State government is not permitted to intrude upon this fundamental right without clear

and convincing proof of demonstrable harm to a child.

84. By mandating child support based on combined parental income, the Defendant exceeds

the constitutionally permitted right of the State to intrude in the federal right to privacy of both

fit natural parents.

85. Additionally, awards of child support based on income shares are inherently erred in

relation to the actual needs of raising children, and have no basis in fact or established data.

86. Support guidelines are also inherently arbitrary, capricious, and unconstitutional, without

formal and prior establishment of the economic data mandates required under federal law.

87. Additionally, there exists no method of reasonable accountability for proving that support

is actually used on behalf of the children, or for what purposes, and what little degree of

accountability that does exist is routinely ignored by the Defendant's family courts, to the

detriment of not only the Plaintiffs, but also to the detriment of the children in question.

88. Further, the Defendant arbitrarily, capriciously, and routinely issues such child support

orders against fit natural parents who do not remain together, yet, disparately does not subject the same

enforcement upon any parents who are married, or who are otherwise living together, or

even against any other parents who have yet to come before the Defendant's "family" courts.

89. The prerequisites of obtaining a lawful child support under Title IV-D of the Social

Security Act include strict interpretation of the needs of the child.

90. The term "child support" is a legal term of art originating from the Social Security Act of

1935 for the sole purpose of providing for a child who has an "absent parent" or "continued

absence" – creating a "dependent child", the criteria of which is a child who has been deprived of parental

support or care by reason of; 1) death, 2) continued absence from the home, or 3)

physical or mental incapacity of a parent. *See* 42 USC 606(a).

91. The term "continued absence" includes abandonment, military service, or incarceration,

but not the situation created by the Defendant's arbitrary and capricious segregation of two fit

natural parents into different suspect classes – one "custodial", and one "noncustodial".

92. Congress used "child support" throughout Title IV of the Social Security Act, and its

amendments, as a term of art referring exclusively to payments from absent parents. *Sullivan v.*

*Stroop*, 496 U.S. 478 (1990).

93. Further, the federal "Bradley Amendment" applies to prohibit unlawful retroactive child

support arrearages, but the Defendant's family courts routinely apply retroactive arrearages in

even the most egregious circumstances of due process violations. *See* 42 USC 666.

94. In spite of all of the above guarantees and protections that exist for the Plaintiffs' benefit,

the Defendant has consistently violated such federal law, and the rights of fit natural parents, to

faithlessly "engineer" a de facto system wherein fit natural parents are first unlawfully and

routinely divided into different suspect classes, and then subjects the "lesser" parent to a barrage

of further unlawful treatments, including takings of property (i.e., monies for "child support")

without due process, intimidation, threats, and various forms of coercion, whether expressed or

implied, to "enforce" such child support orders obtained only in strict derogation of the specific

language and prerequisites of the Social Security Act, and in violation of the other

aforementioned legal barriers to the same, completely disregarding the legal definition of "non-

public assistance IV-D case" – meaning a "child support" case that is only true and necessary for

children at risk of being impoverished if one parent did not provide for them, i.e., a true

circumstance of the Defendant's lawful parens patriae interest in a particular case.

95. In all of the Defendant's counties, social services agencies are carrying out the provisions

of AFDC or TANF, and improperly acting as federal "agents", providing public assistance and

establishing child support orders.

96. The Defendant blatantly disregards the 42 USC 1301(d) objection provision, where state officials act as federal agents in "taking charge" of a child, primarily for the sake of obtaining federal block grant funding for child support enforcement, in spite of the fact that there is no compelling state interest or state interest in the care of such child.

97. By creating and enforcing fraudulently-based child support orders that do not comport with either various federal laws, or even the Federal Constitution, the Defendant unilaterally subjects all members of the Class to either direct peonage, or at least the strong and coercive threat of peonage, essentially creating a conspiracy of court-assisted enslavement of, and profiting against, one fit natural parent by the other, all in direct violation of the 13th Amendment to the United States Constitution.

98. By way of several generally-known and practiced examples, such inherent threats include "debtors prison", whether done by criminal charges or by forms of contempt, threats of takings of drivers licenses, threats of takings of professional licenses, and etc. – all done in direct contravention of the privacy, property, and liberty protections of the Federal Constitution.

100. Webster's New World Dictionary defines the following:

**fraud** (frôd), n. [M.E. & OFr. *fraude*; L. *fraus, fraudis*],

1. a) deceit; trickery; cheating.

b) in law, intentional deception to cause a person to give up property or some lawful right.

2). something said or done to deceive; trick; artifice.

3). a person who deceives or is not what he pretends to be; impostor. - *SYN.* see **deception**.

101. The Plaintiffs have not yet formally brought this as a qui tam action under the Federal False Claims Act, but have instead chosen to alert the United States Attorney General of the same patterns of fraudulent obtaining of federal funding.

102. The various allegations above well constitute a standard pattern, practice, and even an unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards to violations of the various corresponding constitutional rights of each and every member of the Class to custody, care, control, and management of his or her children.

103. The above-described facts constitute violations of at least: the unreasonable seizures prohibited by the Fourth Amendment to the United States Constitution; the prohibited deprivations of life, liberty, and/or property, without due process of law, that are all protected by the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees against cruel and unusual punishments that are all secured by the Eighth Amendment to the United States Constitution; the protections of the privileges and immunities of all citizens maintained by the Fourteenth Amendment to the United States Constitution; the full and equal protections of the law promised to all citizens by the Fourteenth Amendment to the United States Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment to the United States Constitution; and, the prohibitions against various forms of discrimination that are found in the Fourteenth Amendment to the United States Constitution.

104. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and

appropriate remedial actions performed in immediate correction of the manifest injustices

detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief

under section "H" of this pleading.

## Count V: Disparate taxation

105. The Defendant disparately taxes, and causes further disparate taxation, of the unlawfully

segregated suspect classes of fit natural parents, and the Plaintiffs' allege that such a pattern of

the deprivations of lawful rights is contrary to the law and dignity of the United States, also in

violation of various civil and/or constitutional rights, and that the Defendant should be therefore

adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-

mitigating and remedial actions should be taken at once.

## Count V: Supporting facts

106. Plaintiffs reallege all paragraphs 1 through 106, *supra*, and incorporate them herein by

reference the same as if fully set forth. (H.I.).

107. Again, the arbitrary and capricious separation of two fit natural parents into different

classes is patently unconstitutional.

108. By creating such a disparate circumstance, one of the two fit natural parents is given

rights and benefits enhanced at the expense of the other fit natural parent's loss, including by

way of unequal taxation treatment.

109. Familiar examples include allowing state and federal child exemption credits only for

"custodial" parents, and allowing state and federal earned income credits only for the same

custodial parents, but not allowing any such credits to inure to the benefit of the "noncustodial".

110. Additionally, the Plaintiffs allege that the very system of child support orders constitute a

battery of unlawful and additional taxes, caused and enforced by the Defendant upon them.

111. Further, that the Defendant fraudulently assists foster care providers parents in reaping

financial windfalls at the graven expense and injury to noncustodial parents, in that they

essentially exist as unlawfully forced continuing transfers of wealth between two parties who no

longer stand in the relation of mutually benefiting contracts or relationships, thus constituting

unlawful takings.

112. The various allegations above well constitute a standard pattern, practice, and even an

unwritten policy, of deliberate indifference committed and/or allowed by the State, as a whole, in regards

to violations of the various constitutional rights of each and every member of the Class to custody, care,

control, and management of his or her children.

113. The above-described facts constitute violations of at least: the unreasonable seizures

prohibited by the Fourth Amendment to the United States Constitution; the prohibited

deprivations of life, liberty, and/or property, without due process of law, that are all protected by

the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of

judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees

against cruel and unusual punishments that are all secured by the Eighth Amendment

to the United States Constitution; the protections of the privileges and immunities of all citizens

maintained by the Fourteenth Amendment to the United States Constitution; the full and equal

protections of the law promised to all citizens by the Fourteenth Amendment to the United States

Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment

to the United States Constitution; and, the prohibitions against various forms of discrimination

that are found in the Fourteenth Amendment to the United States Constitution.

114. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled to various awards of damages against the Defendant for the grievous violations and deprivations of the civil and constitutional rights described herein, and are also entitled to various and appropriate remedial actions performed in immediate correction of the manifest injustices detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief under section "H" of this pleading.

**Count VI: Willful, reckless, and/or negligent government mismanagement**

115. The Defendant has willfully, recklessly, and/or negligently engaged in a general pattern of serious mismanagement of society and taxation, and the Plaintiffs' allege that such a pattern of the deprivations of lawful rights is contrary to the law and dignity of the United States, also in violation of various civil and/or constitutional rights, and that the Defendant should be therefor adjudged due and owing to the Plaintiffs for certain amounts of damages, and all appropriately-mitigating and remedial actions should be taken at once.

**Count VI: Supporting facts**

116. Plaintiffs reallege all paragraphs 1 through 116, *supra*, and incorporate them herein by reference the same as if fully set forth. (H.I.).

117. The Defendant is aware, or should be aware, through numerous official governmental reports, studies, and other relevant published data, that children who have two primary parents in their lives do better in school, are better adjusted and happier than children raised by foster care providers, and that children in joint custody arrangements have

reports, studies, and other relevant published data, that refusals to ensure that both parents are

treated fairly in family courts is directly or indirectly responsible for large and unnecessary

additional direct tax burdens upon every citizen, through increased welfare spending and self-

serving enlargement of state "family" agencies and entities. The Defendant itself appropriates

and spends an overwhelming quarter, or more, of its annual budget on various welfare programs.

121. The Defendant is aware, or should be aware, through numerous official governmental

reports, studies, and other relevant published data, that refusals to ensure that both parents are

treated financially fairly in family courts is directly or indirectly responsible for vast numbers of

personal and corporate bankruptcies, which are absorbed into later tax burden increases.

122. The Defendant is aware, or should be aware, through numerous official governmental

reports, studies, and other relevant published data, that there is a progressive reporting of

publicly demonstrated general pattern of fraud and abuse in state so-called "family agencies",

which are very costly, and violate rights on an unprecedented scale.

123. The Defendant is aware, or should be aware, through numerous official governmental

reports, studies, and other relevant published data, that patterns of routine awards of state

custody inherently create and encourage divorce rates and other family breakdown on a massive

scale, adding to the reckless or negligent festering of a society plagued by ever-increasing

percentages of the population infected by sexually transmitted diseases, most notably AIDS,

which cost even further increased taxes to address these important social problems and dangers.

124. The Defendant is aware, or should be aware, through numerous official governmental

reports, studies, and other relevant published data, that patterns of routine awards of state custody

inherently create and encourage divorce rates and other family breakdown on a massive scale,

adding to the reckless or negligent ignoring of the root causes of the vast majority of child abuse

and neglect in this nation. The National Clearinghouse for Child Abuse and Neglect Information, a service

of the U.S. Department of Health and Human Services, consistently reports that, year

after year, single parents are responsible for almost two-thirds of all substantiated cases of abuse

and neglect committed against children – more than all other classes of perpetrators combined.

The national costs of these child abuse and neglect incidents surpassed $94 billion in 2001,

according to Prevent Child Abuse America. Whereas the majority of child abuse can be easily

prevented, by simply ensuring the regular presence of both parents in the daily lives of children,.

Involving the eyes and ears of both parents creates a naturally self-balancing situation, wherein a

child's health and safety is automatically monitored by opposing sides who stand to gain if the

other side fails, but the Defendant has caused, in most cases, the child in question to no longer be

able to be monitored by both such fit natural parents, and therefore the Defendant is either

directly or proximately responsible for the acts of abuse and neglect that the children suffer.

125. The various allegations above well constitute a standard pattern, practice, and even an

unwritten policy, of deliberate indifference committed and/or allowed by the Defendant, as a

whole, in regards to violations of the various constitutional rights of each and every member of

the Class to custody, care, control, and management of his or her children, and even against all of society,

and against all corresponding United States citizens and taxpayers as a group and a class. 128. The above-

described facts constitute violations of at least: the unreasonable seizures

prohibited by the Fourth Amendment to the United States Constitution; the prohibited

deprivations of life, liberty, and/or property, without due process of law, that are all protected by

the Fifth and Fourteenth Amendments to the United States Constitution; the absolute impartiality of

judicial proceedings demanded by the Sixth Amendment to the United States Constitution; the guarantees

against cruel and unusual punishments that are all secured by the Eighth Amendment

to the United States Constitution; the protections of the privileges and immunities of all citizens

maintained by the Fourteenth Amendment to the United States Constitution; the full and equal

protections of the law promised to all citizens by the Fourteenth Amendment to the United States

Constitution; the right to be heard, as a party in a court of law, secured by the Sixth Amendment

to the United States Constitution; and, the prohibitions against various forms of discrimination

that are found in the Fourteenth Amendment to the United States Constitution.

126. The Plaintiffs, by and through the principal Plaintiff, and together as a Class, are entitled

to various awards of damages against the Defendant for the grievous violations and deprivations

of the civil and constitutional rights described herein, and are also entitled to various and

appropriate remedial actions performed in immediate correction of the manifest injustices

detailed herein, all as demanded and requested by and through the Plaintiffs' prayers for relief

under section "H" of this pleading.

**H. Prayers for Relief**

127. That given due consideration to all of the above, the Plaintiffs now and hereby pray this

Court for the following enumerated forms and natures of relief.

128. Plaintiffs pray this Court that all issues in this cause be tried to a jury to the extent they

are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the

Federal Rules of Civil Procedure.

129. Plaintiffs pray this Court for immediate restoration/elevation to equal custodial status for all "fit" (no proven abuse/neglect of kids) noncustodials who have already have any present, ongoing relationships with their minor children

130. Plaintiffs pray this Court for a progressive, probationary period opportunity for any and all "fit" non-custodial(s), who have been denied all visitation by the State for 30 days or more, to achieve the same above status, upon successful completion of phased-back-in visitation schedule (suggested 4 to 8 week term of "probationary period"; documented exercise of all "visitation" equals satisfactory completion; any interference of such "probationary" visitation by foster care providers and/or Agents of the Department of Human Resources,  is a strict violation, and can be used against that "unfit" custodial parent for switch of a permanent award of remaining sole custody).134. Plaintiffs pray this Court for abolishment of forced / court-ordered child support in most

cases, due to equal custodial status. All future expenses of children are to borne by each parent during their own parenting time. Only a very few expenses, like schoolbooks, medical insurance, and etc., to be allowed still officially split 50/50 by parents under the guise of state assurance (courts).

131. Plaintiffs pray this Court for revamping of all remaining child support orders, in those few cases where there will still be one custodial and one noncustodial (due to: abuse/neglect by one parent, lengthy imprisonment of one parent, long-term long-distance military service by one parent, and etc.), to be due-process based upon various true, reasonable, and realistic circumstances involving total finances in both parental households.

132. Plaintiffs pray this Court for direction of reimbursements from the State of ALABAMAback

to the natural parents, in all situations wherein the amounts of child support orders were in excess

of the maximum limits of federal law.

133. Plaintiffs pray this Court for actual (not just historical) abolishment of all child support

"debtors prison", whether done via criminal charges or contempt.

134. Plaintiffs pray this Court for abolishment of all child support "forfeitures" - the takings of

drivers and professional licenses for "nonpayment" of child support.

135. Plaintiffs pray this Court to direct that the Defendant establish sufficient numbers of

public (staffed) neutral visitation exchange centers, enough to support temporary or permanent

usage by any parent, custodial or noncustodial, upon reasonable belief of need due to threatened

or actual visitation interference by the Agents of the Alabama Department of Human Resources

, intended mainly for monitoring purposes

136. Plaintiffs pray this Court for prohibition against the changing of children's existing names

and/or surnames without mutual and voluntary agreement by both parents.

137. Plaintiffs pray this Court for a just, sufficient, and reasonable award of various damages,

against the Defendant, and the same upon its estate and all holdings, present and future, and the

same declared jointly and severally liable as amongst all co-conspirators, in the aggregate value

of $1,000,000.00 payable per Plaintiff per child per day that the Defendant continues to deny reunification,

including all judgment interest obtainable pursuant to 28 USC § 1961(a), and accruing thereon, executable

upon all monies, property, chattels, assets, goods, pecuniary interests, and anything whatsoever of any

value, tangible or intangible, that may be owned or controlled, wholly or partially, by said Defendant,

along with execution and/or garnishment against all of said Defendant's forms of income, interests, or any

other earnings, present and future, all and the same until such time as said judgment(s) is/are satisfied as to

the Plaintiffs' favor, paid in full, or otherwise settled by lawful agreement.

138. Plaintiffs pray this Court grant an award recompensing their costs of litigation and loss of income including all reasonable expenses and fees therein.

139. Plaintiffs pray this Court for an appropriate portion of the above-sought damages to be in the form of directing the Defendant to provide the Plaintiffs with various compensatory tax treatment(s) as previous "non-custodial" parents, for a fixed term of years, in reconciliation and balance for previous and existing disparately applied custodial tax benefits and tax preferences.

140. Plaintiffs pray this Court for an appropriate portion of the above-sought damages, to be in the form of execution against unused, abandoned, or unnecessary state property and assets, with disbursement of these damages by liquidation or direct transfer of title.

141. Plaintiffs pray this Court to direct that the Defendant pay back, to the federal government, all appropriate portions of federal funding obtained due to fraudulent acquisitions thereof.

142. Plaintiffs pray this Court to direct declarations of express rights of the Plaintiffs to individually sue state actors for damages, and all other appropriate relief, in proven willful abuses of process.

143. Plaintiffs, and on behalf of all citizens of the United States, and on behalf of all other persons or entities that may also either be, or become, parties to domestic relations cases, or related types of cases, within the Defendant's courts, pray this Court to cause and enforce the immediate prohibition of all above described violative practices that may be happening within the various courts of the Defendant, by issuing an appropriate declaratory order permanently enjoining the same, and the same being crucial and imperative to ensure that the civil rights of an

undetermined number of United States citizens, are no longer either deprived nor neglected by

the same courts.

144. Plaintiffs pray this Court to enjoin as Defendants, pursuant to the protections of Plaintiffs'

rights provided for under 42 USC § 1986, any persons or entities that engage in this matter and

attempt - in any way - to pervert, hinder, obstruct, or delay justice in this cause, or of the true and

due course thereof, and to hold such Defendants jointly and severally liable to all awards of

damages in favor of the Plaintiffs, including any additional judgments or penalties determined

because of said attempts by such persons or entities, all pursuant to law.

145. Plaintiffs also pray this Court grant and compel all such other and further relief deemed

just and proper in the premises.

WHEREFORE, the undersigned Principal Plaintiff, Karl R Lentz, individually, and on

behalf of all putative plaintiffs so similarly situated (together, "the Class"), now and together

pray this Court for the above described forms of relief, and/or such substantially similar relief;

and, for all other relief that is just and proper in the premises.

Respectfully submitted,

Karl R Lentz

710 Augusta Farms Road

Waynesboro, VA. 22980

## I. Verification

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws

of the United States, and specifically by the provisions of 28 USC § 1746, that I am the principal

Plaintiff in the above encaptioned action, that I am also a natural parent of at least one living

minor child, and that both of us are natural-born citizens of the United States, that I am a resident of the

State of VIRGINIA, that I allege a federal dispute and controversy with the State of

ALABAMA, over the rightful amount of time, care, custody, and management of and with such

child, that I have read and understood the above complaints and petitions, and that the above and

foregoing information contained within the same are true and correct to the best of my

knowledge, information, and belief - so help me, Almighty God.


Executed at ___July___ , _2007_ _____ this _12th_ day of April, 2007.


Karl R Lentz

710 Augusta Farms Road

Waynesboro, VA. 22980

1, 540. 908. 4345

1. 540. 245. 0319