IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KARL RUDOLPH LENTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACTION NO: 2:07cv641-WHA-WC |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In his *pro se* Complaint (Doc. # 1), Karl Rudolph Lentz, (hereinafter, "Plaintiff"), brings suit against the State of Alabama (hereinafter "Defendant") under the laws of the United States Constitution: Article III, Section 2; Article IV, Section 2; Article VI; and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. He also alleged his claims fall under 18 U.S.C. §§ 241, 242, 3231; 28 U.S.C. §§ 1331, 1340, 1343, 1355, 1356, 1367, 1391, 1395, 1441, 1443, 1657, 1962, 2201, 2202, 2283; 31 U.S.C. § 3732; 42 U.S.C. §§ 666, 1981, 1985, 1986, 1988, 1994, 2000b, and 2000b-2. (See Doc. # 1, at 2, 4, 7-8, 12-18). Plaintiff's claims include gross negligence and reckless disregard for the duties owed in custody proceedings; refusal to enforce and support lawful parenting time; conspiracy to enforce unlawful child custody orders; fraud in regard to child support; creating and enforcing fraudulent-based child support orders; unreasonable seizure; deprivations of life, liberty and property without due process of

law; cruel and unusual punishment; violation of privileges and immunities; violations of the full and equal protections of the United States Constitution; disparate taxation; and willful, reckless and/or negligent government mismanagement.  (See Doc. # 1, at 19-39).

In his prayer for relief, Plaintiff requests:  restoration and/or elevation to equal custodial status for all "fit" non-custodial parents who have ongoing relationships with their minor children; a progressive and/or probationary period opportunity for "fit" non-custodial parents; revamping of all remaining child support orders; reimbursement from the State of Alabama of child support payments in excess of the maximum limits allowed by federal law; abolishment of all child support "debtor prisons;" abolishment of child support "forfeitures;" establishment of neutral visitation exchange centers; prohibition against the changing of a child's existing names and/or surnames without mutual and voluntary agreement by both parents; damages against Defendant and all co-conspirators for a daily rate of  $1,000,000.00/per child, for denial of "reunification," and other similar types of relief.  (See Doc. # 1, at 39-43).

This matter was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. # 3).  Upon review of the Complaint, read liberally in favor of Plaintiff and accepting all allegations as true, this Court recommends that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**I.  DISCUSSION**

Plaintiff's Complaint seeks a garden variety of relief from the State of Alabama for violations of sections of the United States Constitution, and various provision of federal statutes.  The State of Alabama, however, is immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986), see also *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").  Moreover, "a State is not a 'person' within the meaning of § 1983...."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989).  In *Quern v. Jordan,* 440 U.S. 332, 340 (1979), the Supreme Court indicated that when immunity applies, the state must consent to the filing of such a suit or it is barred.  Alabama has not waived its immunity from suit.  *Williams v. Bennett*, 689 F.2d 1370, 1377-78 (11th Cir. 1982).  Nor has the State of Alabama consented to suit in this case.  Thus, a case may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) if the court determines that the action seeks monetary relief or injunctive relief against a Defendant who is immune from this relief.  *Henry v. Marshall,* 2005 U.S. Dist. (M.D. Ala.) WL1231123; *citing Clark v. State of Georgia Pardons and Paroles Board,* 915 F.2d 636 (11th Cir. 1990) and *Neitzke v Williams,* 490 U.S. 319 (1989).

Thus, the plaintiff's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Id*. at 327.

## II.  CONCLUSION

Based on the foregoing, this Court concludes that Plaintiff's request for leave to proceed *in forma pauperis* is due to be granted, however, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED *sua sponte* without prejudice for the following reason:   pursuant to 28 U.S.C. § 1915(e)(2)(B) (iii) on the basis of Plaintiff's failure to state a claim, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as Defendant is immune from suit.

It is further

ORDERED that the parties shall file any objections to this Recommendation within thirteen business days, on or before **August 19, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667

F.2d 33 (11th Cir. 1982).

Done, this 6th day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE